IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| REGINALD JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 314-061 |
| | ) |
| TELFAIR STATE PRISON, | ) |
| | ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate presently incarcerated at Telfair State Prison in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED** without prejudice.

**I. BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Section 1915(g) is constitutional because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Johnson v. Yates, CV 112-1276 (N.D. Ga. Feb. 5, 2013) (failure to comply with court orders) (hereinafter "CV 112-1276"); (2) Johnson v. State of Georgia, CV 112-1534 (N.D. Ga. Aug. 9, 2012) (failure to state a claim); and (3) Johnson v. State of Georgia, CV 112-1395 (N.D. Ga. Aug. 3, 2012) (failure to comply with court orders). In CV 112-1276, the court correctly noted that Plaintiff's complaint in that case constituted "the sixth action Plaintiff has filed with the [c]ourt this year" and additionally stated that it had dismissed four of those actions for failure to comply with court orders. CV 112-1276, doc. no. 2, p. 1. Furthermore, Plaintiff previously filed an action in this Court that was dismissed on August 13, 2013 because he had accumulated at least three strikes. Johnson v. Telfair State Prison, CV 313-047 (S.D. Ga. Aug. 13, 2013).

A dismissal for failure to comply with a court order qualifies as a strike under § 1915(g). See Rivera, 144 F.3d at 731 (a case dismissed as an "abuse of the judicial process" counts as a strike under § 1915(g)); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993) (holding that failure to comply with court orders is an "abuse of the judicial process"). Because he has at least three strikes under § 1915(g), Plaintiff cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time he commenced this case. Plaintiff claims he was forced to receive a "PPD shot" against his will, and that he has since had frequent headaches and has vomited twice. (See doc. no. 1, p. 5.) Plaintiff does not, however, allege any facts indicating that he was in imminent danger at the time of filing, as he had already received the shot and merely seeks to challenge the legality of his being forced to receive it. (See generally id.) Because Plaintiff does not assert that he was in any imminent danger of serious physical injury at the time he filed this lawsuit, he fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule. Medberrry, 185 F.3d at 1193.

### C.     Dishonesty in Complaint

The form complaint that Plaintiff used to commence this case, "Form to Be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 2-3.) Although Plaintiff indicated he had previously filed other lawsuits by checking the box to answer "Yes," he did not disclose any of these cases or answer the required questions about them. (Id. at 2.) Indeed, the only information Plaintiff provided was to write "Northern and Southern District of Georgia" in the space provided to indicate the court or courts in which he had filed his prior cases. (Id.) As noted above, Plaintiff has brought at least three other cases, one of which was dismissed for failure to state a claim, two of which were dismissed for failure to comply with court orders, and in two of which he was permitted to proceed IFP.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted); see also Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent

power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044, 2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Thus, in obstinately refusing to answer the questions concerning his filing history, Plaintiff acted with blatant dishonesty, which provides another basis for dismissal of this case.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 9th day of July, 2014, at Augusta, Georgia.

> _/s/ Brian K. Epps_
> BRIAN K. EPPS
> UNITED STATES MAGISTRATE JUDGE
> SOUTHERN DISTRICT OF GEORGIA